IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. MANN,
Inmate #M07271,
    Plaintiff,

vs.                                             Case No.:  5:15cv105/RV/EMT

CORRECTIONAL OFFICER DAVIS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed in forma pauperis (doc. 5).

        Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time

he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of several federal civil actions and appeals previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Mann v. Anderson, et al., No. 5:10cv267-JES-SPC (M.D. Fla. Nov. 8, 2010) (dismissing § 1983 complaint because relief was not available under § 1983; plaintiff's sole remedy was writ of habeas corpus); Mann v. Anderson, et al., No. 10-15385-A (11th Cir. May 27, 2011) (dismissing appeal as frivolous); Mann v. Pettigrew, No. 5:10cv435-WTH-KRS (M.D. Fla. Feb. 11, 2011) (dismissing civil complaint for lack of subject matter jurisdiction); Mann v. Pettigrew, No. 11-10824-A (11th Cir. Oct. 4, 2011) (dismissing appeal as frivolous); Mann v. Smith, et al., No. 5:10cv268-CEH-DNF (M.D. Fla. Dec. 3, 2010) (dismissing § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); Mann v. Smith, et al., No. 10-15826-G (11th Cir. Apr. 22, 2011) (dismissing appeal as frivolous); Mann v. Santos, No. 1:01cv535-PCH (S.D. Fla. Feb. 22, 2001) (dismissing civil complaint for lack of subject matter jurisdiction); Mann v. Secretary, et al., No. 5:08cv361-WTH-GRJ (M.D. Fla. Nov. 25, 2008) (dismissing civil complaint for lack of subject matter jurisdiction); Mann v. Busk, No. 2:11cv14423-KMM (S.D. Fla. Jan. 27, 2012) (dismissing § 1983 complaint for failure to state a claim); Mann v. Busk, No. 12-10999 (11th Cir. Jan. 11, 2013) (dismissing appeal as frivolous); Mann v. McNeil, et al., No. 5:08cv473-WTH-GRJ (M.D. Fla. Feb. 12, 2009) (dismissing § 1983 complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim).[1]

Indeed, the Eleventh Circuit, as well as this district court, has recognized Plaintiff's status as a "three-striker." *See* Mann v. Linnear, et al., No. 14-10292-D (11th Cir. May 16, 2014); Mann v. Warden, et al., No. 14-11811-D (11th Cir. June 11, 2014); Mann v. Doctor, et al., No. 12-13372-DD (11th Cir. Jan. 15, 2013); Mann v. Meuth, et al., No. 5:14cv79/RS/GRJ (N.D. Fla. Apr. 16, 2014); Mann v. Coker, et al., No. 5:14cv78/RS/GRJ (N.D. Fla. Apr. 14, 2014). Accordingly,

---

[1] The foregoing cases may be positively identified as having been filed by Plaintiff while he was incarcerated, because they bear his Florida Department of Corrections' inmate number, DC# M07271.

Case No.: 5:15cv105/RV/EMT

Plaintiff may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, *supra*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff alleges he is in imminent danger from Defendant Correctional Officer Davis (doc. 1 at 6–7).[2] He alleges Officer Davis is posted at the center gate of the institution (*id.* at 6). Plaintiff alleges several of his administrative grievances have disappeared, one of which complained that Officer Davis took Plaintiff's Bible, shook it, and said, "Don't bring this shit through center gate anymore," and another grievance complained that Davis informed the medical department that he was afraid of Plaintiff's crutches, so the medical department substituted a walking cane (Plaintiff alleges this has caused him additional pain because he cannot take weight off of his hip) (*id.*). Plaintiff also alleges Officer Davis forced him to stand for extended periods of time for no reason (*id.* at 6); however, Plaintiff admits he had use of his crutches at the time (*id.* at 9). Plaintiff alleges Officer Davis "doesn't allow my friends to help me" (*id.* at 6); however, he appears to be referring to an incident where Plaintiff wanted his "Christian brothers" to assist him with carrying his property, and Officer Davis ordered a different inmate to carry the property (*id.* at 9–10, 13). Plaintiff alleges Davis threatened to "gas and drag" him (*id.* at 6–7); but he admits that this threat was made approximately seven months before he filed the instant complaint (*see id.* at 9). Plaintiff alleges some of his legal mail has not been received by its intended recipients (*id.* at 7); however, he does not allege facts suggesting that this is attributable to Officer Davis. He also alleges he was recommended for placement in protective management, but was then returned to open population two weeks later (*id.*).

Although Plaintiff's allegation regarding the substitution of a walking cane for crutches concerns a physical injury, Plaintiff admits that the decision to substitute the cane for crutches was made by the medical department, not Officer Davis. If Plaintiff's use of a walking cane instead of crutches is causing him pain, he may address the matter with his medical provider. The only other allegation that relates to physical injury is the allegation that Officer Davis threatened to "gas and drag" him, however, as discussed *supra*, Plaintiff admits that this threat was allegedly made seven months before he filed the instant complaint. Plaintiff's complaint does not include specific factual allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

likelihood of imminent serious physical injury.  Therefore, he failed to demonstrate he qualifies to proceed under the imminent danger exception.

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *See* Dupree, 284 F.3d at 1236.  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 29th day of May 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**